# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 10, 2016 Session

## STATE OF TENNESSEE v. JOHN PIERCE LANKFORD

**Appeal from the Criminal Court for Sumner County**
**Nos. 2014-CR-231, 21-2013, 762-2012   Jane W. Wheatcraft, Judge**

_____

**No. M2015-00676-CCA-R3-CD – Filed June 14, 2016**

_____


Appellant, John Pierce Lankford, appeals the trial court's summary denial of his petition for post-conviction relief and the execution of his original sentence following a revocation of his suspended sentence on Community Corrections.  Because Appellant was not appointed an attorney and afforded an opportunity to amend his petition for post-conviction relief, we reverse the summary denial of his petition and remand for further proceedings.  However, because the trial court did not abuse its discretion by ordering Appellant to serve his original sentence in confinement, we affirm the judgment of the trial court in this regard.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Manuel B. Russ (on appeal), Nashville, Tennessee, and John Pellegrin (at hearing), Gallatin, Tennessee, for the appellant, John Pierce Lankford.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, Senior Counsel; L. Ray Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General, for the appellee, State of Tennessee.


## OPINION

On October 4, 2012, Appellant was indicted with one count of making a false report, three counts of aggravated assault, and one count of public intoxication in case number 762-2012.  On January 10, 2013, Appellant was indicted with two counts of

aggravated assault, one count of resisting arrest, one count of public intoxication, and one count of felon in possession of a firearm in case number 21-2013.

On August 9, 2013, Appellant resolved both of these cases through a plea agreement. In case number 762-2012, he pled guilty to three counts of simple assault and was sentenced to eleven months and twenty-nine days for each offense with the sentences to run concurrently and suspended to time served. He also pled guilty in case number 21-2013 to one count of aggravated assault with a six-year sentence, one year to be supervised on Community Corrections and the balance on unsupervised probation. The aggravated assault sentence was consecutive to the simple assault sentences for an effective sentence of six years, eleven months and twenty-nine days. The plea agreement contained the special conditions that Appellant could not consume or possess alcohol while on Community Corrections supervision and that he was required to submit to drug screening.[1]

Less than one month later, on September 6, 2013, a violation of Community Corrections warrant was issued by the trial court. The warrant alleged that Appellant possessed alcohol and refused to submit to alcohol screening. According to the warrant, Appellant was arrested three days later on September 9, 2013. After a hearing on October 20, 2014,[2] the trial court revoked Appellant's Community Corrections and ordered him to serve the six-year sentenced imposed in case number 21-2013 at 30% and further determined that Appellant's eleven-month and twenty-nine-day sentence in case number 762-2012 had expired. He was to receive jail credits from September 9, 2013 until the day of the revocation hearing.

During the year the violation of Community Corrections violation warrant was pending, Appellant filed a pro se petition for post-conviction relief on March 19, 2014. Appellant alleged his actual innocence in both cases and also alleged that he was "the victim of malicious prosecution and prosecut[ori]al misconduct where coercion and deception [were] used to secure a plea taken under duress." On March 28, 2014, under case number 2014-CR-231, the post-conviction court entered a "preliminary order," summarily denying the petition, without appointing counsel. The preliminary order indicates that the post-conviction court had reviewed the transcript of the plea proceedings, which indicated that Appellant understood the rights he was giving up and entered the plea "of his own free will."

---

[1] The record does not contain separate judgment forms for the charges that were dismissed pursuant to the plea agreement. Upon remand, the trial court should enter separate judgments for them. *See State v. Marquize Berry*, No. W2014-00785-SC-R11-CD, at *4 (Tenn. Nov. 16, 2015) (order).

[2] The transcript of the October 20, 2014 hearing indicates that Appellant "pled guilty to violating terms of his probation on April 4." It further indicates he was allowed to be furloughed to Cumberland Heights for unspecified treatment. Appellant was, however, unable to get into a treatment program.

Appellant did not file a timely notice of appeal from either the revocation of Community Corrections or the dismissal of his petition for post-conviction relief. However, upon request, this Court entered an order on May 28, 2015, granting permission for a late-filed notice of appeal for both matters. Appellant filed a pro se notice of appeal on June 5, 2015, and appointed counsel filed an appellate brief with this Court.

Appellant raises the following issues: (1) whether the trial court erred by summarily denying his post-conviction petition without appointing counsel or holding an evidentiary hearing; and (2) whether the trial court abused its discretion by executing the original sentence after finding that Appellant violated the terms of Community Corrections.

## Analysis

An appellate court's review of a summary denial of a petition for post-conviction relief is de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)). Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The first thing that a post-conviction court must do upon receiving a petition is to conduct a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief . . . ." *Id.* § 2. If a petition fails to state a colorable claim, the post-conviction court must dismiss the petition. *Id.* §§ 5(F)(5), 6(B)(4)(a); *see also* T.C.A. § 40-30-106(d) (where the factual allegations within a petition, "taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed"). However, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim for relief, the petitioner is then *entitled* to the assistance of appointed counsel. Tenn. Sup. Ct. R. 28, § 6(B)(3)(a); *see also* T.C.A. § 40-30-107.

In this case, the post-conviction court's preliminary order provided:

The petition shall be dismissed for failure to assert a colorable claim based on the following findings of law and fact:

The Petitioner entered knowing and voluntary pleas of guilty to the 4 counts of the indictment. His counsel announced to the Court that while there were some factual discrepancies that the Defendant had with the [S]tate's recitation, that counsel had gone over all of his constitutional

-3-

rights with him and he wanted to enter these pleas. The Court finds from a review of the transcript of the proceedings that the Defendant knew he was giving up his right to a jury trial, because the case had been previously set for a jury trial. Likewise, he understood he was giving up his rights to cross-examine the state's witnesses. He acknowledged that he had read "very thoroughly" the plea sheet, gone over its contents with counsel and was entering the plea of his own free will and not under any duress. Lastly, the Defendant expressed that he had "a very fine lawyer."

From the foregoing, it is apparent that the trial court did not dismiss Appellant's petition for failure to state a colorable claim. Instead, the trial court denied post-conviction relief on the merits of the petition, concluding that Appellant could not prove his claim that his guilty pleas were coerced or unintelligently and unknowingly made. Such a determination necessarily rests upon the implicit finding that the petition did in fact assert a colorable claim. As explained above, if the petition states a colorable claim, a pro se petitioner is entitled to the assistance of counsel and an opportunity to amend his petition. Neither of these was afforded to Appellant. This Court has emphasized, on numerous occasions, that a post-conviction court cannot make factual determinations or determine the ultimate question when making a preliminary determination as to whether a post-conviction petition states a colorable claim. *See John C. Crim v. State*, No. M2014-00948-CCA-R3-PC, 2015 WL 1726556, at *3-4 (Tenn. Crim. App. Apr. 13, 2015) (citing cases), *no perm. app. filed*. Because Appellant's petition for post-conviction relief was denied without the appointment of counsel and an opportunity to amend his petition, we must reverse the decision of the trial court and remand this case for further post-conviction proceedings.

Appellant also argues that the trial court abused its discretion by ordering his suspended sentence into effect rather than giving Appellant another alternative sentence in the form of split confinement. Appellant does not contest the trial court's finding that he violated Community Corrections, as he pled guilty to the violation.

A trial court's decisions involving revocation of Community Corrections and resentencing are reviewed for abuse of discretion. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). When a trial court finds that a defendant serving a suspended sentence has committed a technical violation of the terms of probation, the trial court has discretion to "[c]ause the defendant to commence the execution of the judgment as originally entered . . . [or] [r]esentence the defendant for the remainder of the unexpired term to any community based alternative to incarceration . . . ." T.C.A. § 40-35-311(e)(1)(A)-(B). In this case, after careful consideration, the trial court chose the former option, and it was within its authority to do so. Appellant is not entitled to relief on this basis.

## Conclusion

Based on the foregoing, the trial court's summary denial of the petition for post-conviction relief is reversed and remanded. However, the trial court's execution of the original judgment following the Community Corrections violation is affirmed.

_____
TIMOTHY L. EASTER, JUDGE